927 F.2d 595
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James L. HARDY, Petitioner,
v.
UNITED STATES STEEL CORPORATION; Director, Office of
Workers' Compensation Programs, United States
Department of Labor, Respondents.
 No. 90-2081.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 5, 1990.
Decided Feb. 28, 1991.
 
 On Petition for Review of an Order of the Benefits Review Board.
 William Burton Talty, Richmond, Va., argued for petitioner.
 Ronald Eugene Gilbertson, Kilcullen, Wilson and Kilcullen, Chartered, Washington, D.C., argued, for respondents.
 Ben.Rev.Bd.
 AFFIRMED.
 Before ERVIN, Chief Judge, K.K. HALL, Circuit Judge, and NORTON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 James Hardy appeals the Benefits Review Board's decision upholding a finding by the administrative law judge that Hardy was not entitled to black lung disability benefits because he failed to establish total disability. For reasons stated more fully below, we affirm the Benefits Review Board's decision denying disability benefits.
 
 I.
 
 2
 In 1984, after working in the coal mine industry for over thirty years, Hardy filed an application for disability benefits in accordance with Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Secs. 901 et seq. (the "Act"), alleging total and permanent disability. Initially, the Department of Labor awarded Hardy disability benefits. United States Steel Corporation, the responsible operator under the Act, then requested a formal hearing on the matter before an administrative law judge pursuant to the Administrative Procedure Act, 5 U.S.C. Secs. 551 et seq.
 
 
 3
 On June 3, 1987, Administrative Law Judge Robert A. Giannasi conducted a de novo proceeding in Abingdon, Virginia. After considering the entire record, the administrative law judge concluded that Hardy suffered from pneumoconiosis, and since Hardy had worked in the coal mine industry for more than ten years, his pneumoconiosis was presumed to have arisen out of his coal mine employment. However, the administrative law judge concluded that Hardy failed to prove that he was totally and permanently disabled and thus denied his application for black lung disability benefits.
 
 
 4
 In order to determine whether Hardy was disabled, the administrative law judge first reviewed the results of several arterial blood gas studies. He noted that the only qualifying study was performed in 1984 and that four subsequent studies, one in 1984 and three in 1987, failed to show qualifying values. The administrative law judge observed that because pneumoconiosis is a progressive disease, the later tests should have reflected at least the same amount of impairment as the earlier test, but that the subsequent tests did not do so in this case. Consequently, the administrative law judge ruled that the contrary probative evidence outweighed the single qualifying study performed in 1984 and that Hardy failed to prove disability by evidence of blood gas studies, pursuant to 20 C.F.R. Sec. 718.204(c)(2).
 
 
 5
 The administrative law judge next reviewed the medical opinions of four physicians, in accordance with Sec. 718.204(c)(4). He considered the medical opinions of Richard S. Buddington, M.D., a pathologist; Mario S. Cardona, M.D., board eligible in Internal Medicine; Kirk E. Hippensteel, M.D., a Diplomate of the American Board of Internal Medicine and of the Subspecialty Board of Pulmonary Disease; and Bruce N. Stewart, M.D., board certified in Internal Medicine and in Pulmonary Medicine.
 
 
 6
 The physicians did not agree on the issue of disability. Dr. Buddington and Dr. Cardona concluded that Hardy was totally disabled while Dr. Stewart and Dr. Hippensteel concluded that Hardy was not totally disabled. The administrative law judge found each of the physicians' reports to be well reasoned and based on medically acceptable clinical and laboratory diagnostic techniques. The administrative law judge noted that because both Dr. Stewart and Dr. Hippensteel were Board certified in both internal medicine and pulmonary medicine, their credentials were clearly superior to those of Dr. Buddington and Dr. Cardona and therefore found that Dr. Stewart's and Dr. Hippensteel's determinations of no disability were more reliable. Finding that Hardy failed to establish total disability under Sec. 718.204(c)(4), the administrative law judge denied Hardy's application for black lung benefits. The Benefits Review Board (the "Board") affirmed the administrative law judge's decision and Hardy appealed.
 
 II.
 
 7
 When determining whether an award of black lung disability benefits is proper, an administrative law judge must decide, first, whether the claimant suffers from pneumoconiosis; second, whether the claimant's pneumoconiosis is attributable to the claimant's coal mine employment; and, third, whether the claimant is totally disabled as a result of the pneumoconiosis. 20 C.F.R. Secs. 718.202, 718.203 and 718.204. See also Robinson v. Pickands Mather & Co., 914 F.2d 35, 36 (4th Cir.1990). It is the third prong of this test, whether Hardy is totally disabled, which is at issue here.
 
 
 8
 Section 718.204(c) sets forth the criteria to be used when determining whether total disability exists. The regulation states that if total disability cannot be established by evidence of qualifying pulmonary function tests, evidence of qualifying arterial blood gas tests or evidence that the miner has pneumoconiosis and that he is suffering from cor pulmonale with right sided congestive heart failure, Sec. 718.204(c)(1), (2) and (3), total disability still may be established if a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in employment. Section 718.204(c)(4).
 
 
 9
 After concluding that Hardy failed to establish total disability under Sec. 718.204(c)(1), (2) and (3), the administrative law judge rightfully considered the medical reports of Dr. Buddington, Dr. Cardona, Dr. Stewart and Dr. Hippensteel to determine whether disability could be established based on their medical opinions. After reviewing the physicians' reports, the administrative law judge found that Hardy failed to establish disability under Sec. 718.204(c)(4) and thus was not entitled to benefits. He stated:
 
 
 10
 I note that four doctors specifically addressed the issue [of disability]. Two--Buddington and Cardona [--] found disability; two--Stewart and Hippensteel--did not. It is difficult to reconcile these very different views. All of the reports seemed to me to be well reasoned and based on medically acceptable clinical and laboratory diagnostic techniques. However, I note that Drs. Stewart and Hippensteel are Board certified in both internal medicine and pulmonary disease. Their credentials are clearly superior to those of the two doctors who found disability. In these circumstances, I find more reliable the opinions of those doctors who found no disability.
 
 
 11
 The Board affirmed the administrative law judge's decision to accord more weight to the opinions of the physicians with superior credentials. The Board ruled that because the administrative law judge considered the opinions of the physicians who found no disability to be more reliable than the contrary medical opinions due to those physicians' superior credentials, he necessarily did not find the medical opinion evidence equally probative. Therefore, the Board concluded, the "true doubt" rule* was inapplicable.
 
 
 12
 Hardy argues on appeal that because the administrative law judge found each of the four physicians' medical opinions to be well-reasoned and based on medically acceptable clinical and diagnostic techniques, he should have applied the true doubt rule to resolve the conflicting evidence in favor of Hardy.
 
 III.
 
 13
 On appeal we must determine whether the Board's decision upholding the administrative law judge's finding of no disability was rational, supported by substantial evidence and consistent with applicable law, and, specifically, whether the administrative law judge acted properly in granting more weight to the medical opinions of the physicians who found no disability and, accordingly, in refusing to apply the true doubt rule.
 
 
 14
 Hardy argues that by characterizing all four physicians' medical opinions as well-reasoned and based on medically acceptable clinical and diagnostic techniques, the administrative law judge in effect found the opinions of Dr. Cardona and Dr. Buddington to be as credible and as probative as those of Dr. Hippensteel and Dr. Stewart. Therefore, Hardy asserts, the administrative law judge should have applied the true doubt rule and accepted the medical opinions of Dr. Cardona and Dr. Buddington, thus resolving the conflict in evidence regarding disability in favor of Hardy.
 
 
 15
 We cannot agree with Hardy's assumption that the administrative law judge believed the medical opinions of Dr. Cardona and Dr. Buddington to be as probative as the opinions of Dr. Stewart and Dr. Hippensteel. Although the administrative law judge acknowledged that he found some merit in each of the medical opinions, he concluded that when assessing reliability, the scales tipped in favor of Dr. Stewart and Dr. Hippensteel because those physicians possessed "clearly superior" credentials. It certainly was within the administrative law judge's discretion to consider the physicians' credentials and qualifications when evaluating their medical opinions and assessing their reliability.
 
 
 16
 It is not for this court to decide the facts de novo or to substitute our judgment for that of the administrative law judge. On appeal we must merely determine whether the administrative law judge's decision to accord more weight to the medical opinions of Dr. Hippensteel and Dr. Stewart was rational and supported by substantial evidence. Jordan v. Califano, 582 F.2d 1333, 1335 (4th Cir.1978). We hold that it was.
 
 
 17
 This is not a case where a tie goes to the claimant. Hardy has misinterpreted the administrative law judge's assessment of the physicians' medical opinions. The administrative law judge did not find the divergent opinions to be equally probative, but instead found the opinions of the physicians who found no disability to be more reliable. This finding was rational and supported by substantial evidence and therefore the administrative law judge acted properly when he refused to apply the true doubt rule. Because we find that the administrative law judge did not err in relying on the medical opinions of Dr. Stewart and Dr. Hippensteel in determining that Hardy was not totally disabled under Sec. 718.204(c)(4), we conclude that the administrative law judge properly denied black lung benefits to Hardy.
 
 
 18
 For the foregoing reasons, we affirm the Board's decision upholding the administrative law judge's denial of black lung benefits to Hardy.
 
 AFFIRMED
 
 
 *
 The true doubt rule, sometimes applied in black lung cases to resolve a conflict in the evidence, is based on the principle that where true doubt exists, that doubt should be resolved in favor of the claimant. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 144, n. 12 (1987). According to the true doubt rule, if equally probative but contradictory medical evidence is presented which, depending on the evidence accepted, would result in deciding the claim for or against the claimant, the evidence favorable to the claimant must be accepted. Conley v. Roberts and Schaeffer Co., 7 BLR 1-309, 1-312, n. 4 (Ben.Rev.Bd.1984)